IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>JOSEPH G. RASHID, CANDA RASHID,<br>RASHID PHARMACY, P.L.C., and RASHID<br>DELIVERY, LLC,<br><br>　　　Defendants. | **No. 3:25-cv-00121-RGE-WPK**<br><br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANTS' MOTIONS<br>TO DISMISS** |

## I.　INTRODUCTION

Plaintiff United States of America brings suit against Defendants Joseph G. Rashid, Canda Rashid, Rashid Pharmacy, P.L.C., and Rashid Delivery, LLC. The Government's False Claims Act and common law claims arise from purported false statements on applications for Paycheck Protection Program (PPP) and Provider Relief Fund (PRF) funds. The Government alleges Defendants fraudulently certified attestations on PPP and PRF documents, then used the PPP and PRF funds to engage in day-trading. The Government's Controlled Substanaces Act claims arise from a purported failure to maintain accurate records of drug destruction. Defendants move to dismiss all claims alleged against them, arguing the Government has failed to state claims upon which relief may be granted. For the reasons set forth below, the Court grants in part and denies in part Joseph Rashid and Rashid Pharmacy's motion to dismiss and grants Canda Rashid and Rashid Delivery's motion to dismiss.

## II.　BACKGROUND

### A.　Factual Background

The Court accepts the following facts alleged in the complaint as true for the purpose of

considering Defendants' motions to dismiss. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014).

### 1.    PPP and PRF Payments

Joseph Rashid owned and operated Rashid Pharmacy and Rashid Delivery, among other pharmacy-related businesses, from 1997 until at least 2021. Compl. ¶ 2, ECF No. 1. Canda Rashid had at least signature authority for Rashid Delivery. *Id.* ¶ 11.

On April 3, 2020, Rashid Pharmacy and Rashid Delivery applied for PPP loans. *Id.* ¶ 59. Joseph Rashid initialed the certifications on Rashid Pharmacy's PPP loan application. *Id.* ¶¶ 98–99. Canda Rashid initialed the certifications on Rashid Delivery's PPP loan application. *Id.* ¶ 60. The certifications stated, in part, "[t]he funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule." *Id.* ¶¶ 99, 105, 111, 117.

Rashid Pharmacy received a PPP loan of $462,300 and Rashid Delivery received a PPP loan of $118,000. *Id.* ¶ 60. Both Rashid Pharmacy and Rashid Delivery's PPP loan proceeds were deposited into Joseph Rashid's personal banking account. *Id.* ¶ 61. In the three days after receiving the PPP loans, Joseph Rashid transferred $625,000 to his personal TD Ameritrade investment account. *Id.* ¶ 63.

On June 13, 2020, Rashid Pharmacy received a PRF payment of $407,186.49. *Id.* ¶ 65. Joseph Rashid attested to the terms and conditions of the PRF funding. *Id.* ¶¶ 123, 127. The terms and conditions stated, in part, that funds "will only be used to prevent, prepare for, and respond to coronavirus, and that the Payment shall reimburse the Recipient only for health care related expenses or lost revenues that are attributable to coronavirus." *Id.* ¶ 65.

Rashid Pharmacy's PRF funds were deposited into Rashid Pharmacy's business checking account. *Id.* ¶ 65. In the four days after receiving the PRF funds, Joseph Rashid transferred

$500,000 from Rashid Pharmacy's business checking account to his personal checking account. *Id.* ¶ 66. Joseph Rashid then transferred $500,000 from his personal checking account to his TD Ameritrade investment account. *Id.* ¶ 67.

Joseph Rashid used the PPP and PRF funds to engage in day trading. *Id.* ¶ 68. Payments for taxes, bills, and checks also came out of the investment account. *Id.* Day trading is not a permissible use of PPP or PRF funds. *Id.* ¶¶ 70, 76.

Joseph Rashid then applied for forgiveness for $430,661 of the $462,300 Rashid Pharmacy PPP loan and all $118,000 of the Rashid Delivery PPP loan. *Id.* ¶ 69. On both loan forgiveness applications, Joseph Rashid signed and certified, in part, "[t]he loan proceeds were used to pay business costs that are eligible for forgiveness (payroll costs to retain employees; business mortgage interest payments; business rent or lease payments; business utility payments; covered operations expenditures; covered property damage costs; covered supplier costs; or covered worker protection expenditures)" and "[a]t least 60% of the forgiveness amount was for payroll costs." *Id.* Rashid Pharmacy and Rashid Delivery obtained forgiveness on the PPP loans. *Id.*

Joseph Rashid, through his accountant, certified he used the PRF funds to "help[] to make the changes needed to operate during the pandemic (e.g., by acquiring PPE, creating temporary facilities, providing for virtual visits, etc.)." *Id.* ¶ 73. Because of the certification, Rashid Pharmacy was not required to repay any of the PRF payment. *Id.* ¶ 74.

### 2. Drug Destruction

Joseph Rashid, as a pharmacist, and Rashid Pharmacy were registered to dispense controlled substances by the DEA. *Id.* ¶¶ 10, 13, 77.

In March 2021, law enforcement officials executed a search warrant at Rashid Pharmacy and found "trash bags, Ziploc baggies, cardboard boxes, unlabeled pill bottles, partially used blister packs, and loose opioid and other pills, vials, and other controlled substances" in Joseph Rashid's

personal office. *Id.* ¶ 83.

Law enforcement officials also found homemade destruction logs. *Id.* ¶ 90. The destruction logs listed the names, quantities, and dates of destruction of controlled substances. *Id.* Joseph Rashid signed some of the destruction logs to affirm the drugs had been destroyed. *Id.* However, law enforcement officials located at least thirty-three instances of undestroyed controlled substances in Joseph Rashid's office that were also listed as destroyed in the destruction log. *Id.* ¶¶ 90–91. No DEA Form 41s, which are used to record and certify the destruction of controlled substances, were found during the search and the DEA regional office had not received completed Form 41s from Rashid Pharmacy. *Id.* ¶ 89.

Additional facts are set forth below as necessary.

## B.    Procedural Background

The Government filed a forty-five-count complaint, alleging violations of the False Claims Act, Controlled Substances Act, and common law. *Id.* ¶¶ 95–141. Specifically, the Government alleges Joseph Rashid and Rashid Pharmacy presented false claims for a PPP loan (Counts 1 and 2); Joseph Rashid and Rashid Pharmacy used false records to obtain a PPP loan (Counts 3 and 4); Joseph Rashid, Canda Rashid, and Rashid Delivery conspired to present and presented false claims for a PPP loan (Counts 5 and 6); Joseph Rashid, Canda Rashid, and Rashid Delivery conspired to use and used false records to obtain a PPP loan (Counts 7 and 8); Joseph Rashid and Rashid Pharmacy presented false claims for a PRF payment (Count 9); Joseph Rashid and Rashid Pharmacy used false records to obtain a PRF payment (Count 10); Joseph Rashid and Rashid Pharmacy failed to keep accurate records of drug destruction (Counts 11–43); and all Defendants remain liable for payment by mistake (Count 44) and unjust enrichment (Count 45) based on the PPP and PRF fund disbursements. *Id.*

Defendants move to dismiss the complaint for failure to state a claim. *See* Defs. Joseph

Rashid & Rashid Pharmacy's Mot. Dismiss, ECF No. 10; Defs. Joseph Rashid & Rashid Pharmacy's Br. Supp. Mot. Dismiss, ECF No. 10-1; Defs. Canda Rashid & Rashid Delivery's Mot. Dismiss, ECF No. 11; Defs. Canda Rashid & Rashid Delivery's Br. Supp. Mot. Dismiss, ECF No. 11-1. The Government resists. Gov't's Resist. Defs.' Mot. Dismiss, ECF No. 17. Defendants replied. Defs. Joseph Rashid & Rashid Pharmacy's Reply Supp. Mot. Dismiss, ECF No. 18; Defs. Canda Rashid & Rashid Delivery's Reply Supp. Mot. Dismiss, ECF No. 18.

Counsel appeared for a motion hearing as to both motions to dismiss on February 23, 2026. Mot. Dismiss Hr'g Mins., ECF No. 22. Having considered the parties' briefings and oral argument, the Court grants in part and denies in part Joseph Rashid and Rashid Pharmacy's motion to dismiss and grants Canda Rashid and Rashid Delivery's motion to dismiss for the reasons set forth below.

## III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian,* 760 F.3d at 848 (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). The Court must accept as true all factual allegations in the complaint, but not its legal conclusions. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555–56). "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012).

A plausible claim for relief "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must "nudge[] their claims across the line from conceivable to plausible, [else] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a Rule 12(b)(6) motion to dismiss, a court's review is limited to the complaint, "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *United States ex rel. Ambrosecchia v. Paddock Lab'ys*, 855 F.3d 949, 954 (8th Cir. 2017) (internal quotation marks and citation omitted). Matters "outside the pleading" are not considered, including "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright, et al., Federal Practice and Procedure § 1366); *see also Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*, 300 F. Supp. 3d 1025, 1035 (S.D. Iowa 2017) (collecting cases).

"[W]hen it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (quoting *Wycoff v. Menke*, 773 F.2d 983, 984–85 (8th Cir. 1985)). "As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)).

## IV.    DISCUSSION

The Court first considers Defendants' arguments related to the False Claims Act claims, then turns to the arguments related to the Controlled Substances Act claims. The Court then addresses Defendants' arguments related to the common law claims.

### A.    False Claims Act

The Government brings claims against Defendants for violations of the False Claims Act in Counts 1–10 for presenting a false claim, making or using a false record, and conspiracy. ECF No. 1 ¶¶ 95–128; 31 U.S.C. § 3729(a)(1)(A)–(C). The Government alleges Defendants falsely certified they would use PPP and PRF funds for approved purposes, but instead Defendants used the funds for unapproved purposes. *Id.* Then, Defendants requested and received forgiveness on the PPP and PRF loans despite having used the funds for unapproved purposes. *Id.* Defendants argue the Government fails to meet Rule 9(b)'s heightened pleading standard when alleging Defendants' misconduct. ECF No. 10-1 at 11–15; ECF No. 11-1 at 6–11. Joseph Rashid and Rashid Pharmacy further argue the complaint is inadequate because the PPP and PRF funds are fungible and the complaint does not specify that Defendants never used the funds for eligible purposes. ECF No. 10-1 at 13–14; *see* ECF No. 11-1 at 7–8 (incorporating Joseph Rashid and Rashid Pharmacy's arguments into Canda Rashid and Rashid Delivery's motion to dismiss). The Court first addresses Rule 9(b), then turns to Defendants' fungibility argument.

### 1.    Rule 9(b)

Under the False Claims Act, a person is liable to the Government for civil penalties when the person "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" (presentment), "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" (false record), or "conspires to commit a violation of subparagraph (A)[ or] (B) . . ." (conspiracy). 31 U.S.C. § 3729(a)(1)(A)–(C). Claims

alleged under the False Claims Act must comply with the heightened pleading standard of Rule 9(b). *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 195 n.6 (2016). Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed R. Civ. P. 9(b). Under Rule 9(b)'s particularity requirement, "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted). Additionally, a plaintiff alleging conspiracy under the False Claims Act "must plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009) (internal quotation marks and citation omitted) (alteration in original).

Defendants argue the False Claims Act claims alleged in Counts 1–10 fail to meet Rule 9(b)'s heightened pleading standard. ECF No. 10-1 at 11–15; ECF No. 11-1 at 6–11. The Court first addresses the complaint's compliance with Rule 9(b) as to Canda Rashid and Rashid Delivery, then addresses the complaint's compliance with Rule 9(b) as to Joseph Rashid and Rashid Pharmacy. The Court then turns to the conspiracy claims alleged against all Defendants.

a.    Canda Rashid and Rashid Delivery

The complaint does not plead facts pertaining to Canda Rashid or Rashid Delivery's presentment of false claims or use of false records with particularity as required by Rule 9(b).[1] The

---

[1] The Government does not reference Canda Rashid or Rashid Delivery or include "a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief" for Canda Rashid and

complaint merely alleges Canda Rashid signed the initial loan application for Rashid Delivery's PPP loan. ECF No. 1 ¶ 60. The Government asserts the initial PPP loan application sets the stage for a fraudulent act, but nowhere does the complaint allege facts about Canda Rashid or Rashid Delivery's wrongdoing. *See* ECF No. 22. The proceeds from Rashid Delivery's PPP loan were deposited directly into Joseph Rashid's personal bank account; "[a]t no point did the loan proceeds go to a business account for . . . Rashid Delivery," nor does the complaint allege Canda Rashid used or benefitted from the PPP loan proceeds. ECF No. 1 ¶¶ 61, 64. As to certification of the PPP loan forgiveness application, the complaint ambiguously alleges "they" signed Rashid Delivery's PPP loan forgiveness application. *Id.* ¶ 113. Elsewhere in the complaint, however, the Government specifically asserts Joseph Rashid signed Rashid Delivery's PPP loan forgiveness application. *See id.* ¶ 69. And, at the motion to dismiss hearing, the Government confirmed Joseph Rashid, and not Canda Rashid, is alleged to have certified it. *See* ECF No. 22.

Further, the Government does not plead facts related to "[m]alice, intent, knowledge, and other conditions of [Canda Rashid]'s mind," even generally—a requirement to plead presentment or use of a false record under the False Claims Act. *Cf.* Fed. R. Civ. P. 9(b); 31 U.S.C. § 3729(a)(1)(A)–(B). The complaint does not detail facts related to "the time, place, and content of [Canda Rashid or Rashid Delivery's] false representations, as well as the details of [Canda Rashid and Rashid Delivery's] fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel. Joshi,* 441 F.3d at 556. Therefore, the complaint does not meet the heightened pleading standard of Rule 9(b) as to Canda Rashid or Rashid Delivery's presentment of a false claim or use of a false record. *Cf.* Fed. R. Civ. P. 9(b);

---

Rashid Delivery in Counts 1–4 or 9–10. Fed. R. Civ. P. 8(a)(2). To the extent the Government endeavors to assert Counts 1–4 and 9–10 against Canda Rashid or Rashid Delivery, the Court finds the Government fails to state a claim upon which relief may be granted. *Cf. id.*

31 U.S.C. § 3729(a)(1)(A)–(B).

      b.  Joseph Rashid and Rashid Pharmacy

  In contrast, the complaint pleads sufficient facts as to Joseph Rashid and Rashid Pharmacy's presentment of false claims and use of false records with particularity as required by Rule 9(b). The complaint alleges Joseph Rashid and Rashid Pharmacy "knowingly requested and obtained a PPP loan and used the funds for an unapproved purpose"—namely, day trading. ECF No. 1 ¶¶ 68, 96. Joseph Rashid and Rashid Pharmacy obtained the PPP loan by "knowingly submitt[ing] a PPP loan application that contained misrepresentations regarding the intended use of PPP funds." *Id.* ¶ 103. The complaint alleges Joseph Rashid and Rashid Pharmacy then "knowingly requested and received forgiveness for this PPP loan despite their failure to comply with the PPP Rules" by submitting a PPP forgiveness application that misrepresented their use of the PPP funds and eligibility for forgiveness. *Id.* ¶¶ 97, 104. Similarly, Joseph Rashid and Rashid Pharmacy presented a false claim and used false records to obtain PRF funding by making false attestations as to the use of PRF payments. *Id.* ¶¶ 73–76, 122–23, 126–27. The Government adequately alleges the "who, what, where, when, and how of the alleged fraud" as to Joseph Rashid and Rashid Pharmacy. *Cf. U.S. ex rel. Joshi* at 556 (internal quotation marks and citation omitted). Joseph Rashid, as the owner of Rashid Pharmacy, "knowingly and inaccurately certified that he used the [PPP and PRF] funds for their lawful purpose," but instead utilized the PPP and PRF loan proceeds "to engage in large volume securities purchases." ECF No. 1 ¶¶ 4, 68. The complaint meets the heightened pleading standard of Rule 9(b) as to Joseph Rashid and Rashid Pharmacy's presentment of false claims and use of false records.

      c.  Conspiracy

  In addition to the presentment of false claims and use of false records, the complaint also alleges conspiracy to present false claims and conspiracy to use false records against all

Defendants. *Id.* ¶¶ 108–20. To properly plead conspiracy under Rule 9(b), the Government "must plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy." *Kanneganti*, 565 F.3d at 193 (citing Fed. R. Civ. P. 9(b)) (internal quotation marks and citation omitted) (alteration in original). The complaint does not allege an agreement between Joseph Rashid, Canda Rashid, or the businesses. As to conspiracy to present a false claim, the Government alleges "Defendants Joseph Rashid, Canda Rashid, and Rashid Delivery knowingly requested and obtained a PPP loan and used the funds for an unapproved purpose," "Defendants Joseph Rashid, Canda Rashid, and Rashid Delivery knowingly requested and received forgiveness for this PPP loan despite their failure to comply with the PPP Rules," and "Joseph Rashid, Canda Rashid, and Rashid Delivery presented two false claims to the United States." ECF No. 1 ¶¶ 109–11. As to conspiracy to use false records, the Government alleges "Defendants Joseph Rashid, Canda Rashid, and Rashid Delivery knowingly submitted a PPP loan application that contained misrepresentations" and "Defendant Joseph Rashid, Canda Rashid, and Rashid Delivery subsequently knowingly submitted a PPP forgiveness application that misrepresented their use of the PPP funds and eligibility for loan forgiveness. *Id.* ¶¶ 116, 118. These bare assertions do not support an agreement pleaded with particularity. *Cf. Kanneganti*, 565 F.3d at 193. Nor are these facts "from which a reasonable jury could infer [Defendants] were in agreement." *Id.* at 193–94. Because the "complaint does not include any details about an agreement," nor provide facts from which a reasonable jury could infer Defendants were in agreement, the Government fails to plead conspiracy with particularity. *Cf. United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.*, 915 F.3d 1158, 1166 (8th Cir. 2019) (citing *Kanneganti* to conclude the complaint "must plead the details of a conspiracy, including an agreement between [Defendants]" to properly plead conspiracy in compliance with Rule 9(b)).

Because the complaint fails to plead claims against Canda Rashid and Rashid Delivery

with particularity, the Court grants Canda Rashid and Rashid Delivery's motion to dismiss Counts 5–8. Because the complaint fails to plead conspiracy with particularity, the Court grants Joseph Rashid and Rashid Pharmacy's motion to dismiss the conspiracy claims within Counts 5–8.

### 2. Fungibility

Joseph Rashid and Rashid Pharmacy argue the complaint fails to state a claim as to the False Claims Act violations because the complaint "never pleads that Defendants did not use $430,661 and $407,186.49 for qualifying purposes." ECF No. 10-1 at 13. In other words, Joseph Rashid and Rashid Pharmacy argue so long as Defendants spent $430,661 and $407,186.49 on lawful expenditures at some point during the applicable time period, no fraud occurred. Joseph Rashid and Rashid Pharmacy ask the Court to find that funds distributed through the PPP and PRF programs are fungible—to find that loan proceeds do not need to be spent on eligible expenses so long as the same amount of money, at some point, is spent on eligible expenses. *See* ECF No. 22.

"[T]he Supreme Court 'has consistently refused to accept a rigid, restrictive reading' of the [False Claims Act], and has cautioned courts against 'adopting a circumscribed view of what it means for a claim to be false or fraudulent.'" *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.,* 953 F.3d 1108, 1116 (9th Cir. 2020) (quoting *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968) and *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 192 (2016)). The statutory language of the CARES Act, which defines the PPP program, is clear: eligible recipients must use the proceeds of the PPP loan for eligible expenses. The statute states, "[d]uring the covered period, an eligible recipient may . . . use the *proceeds* of the covered loan for . . . ." 15 U.S.C. § 636(a)(36)(F) (emphasis added); *see also* 15 U.S.C. § 636(a)(36)(F)(vi) (defining prohibited uses of "the proceeds of a covered loan"); 15 U.S.C. § 636(a)(36)(P)(ii) (specifying agents who assist eligible recipients in the preparation of an application for a PPP loan "shall be paid by the eligible recipient and may not be paid out of the proceeds of a covered loan").

Further, the PPP forgiveness attestations require loan recipients to certify "[t]he loan proceeds were used to pay business costs that are eligible for forgiveness." ECF No. 1 ¶ 69. The Court agrees with the conclusion that "[t]he CARES Act[] appears to demonstrate a preoccupation with borrowers using the specific proceeds of their PPP loans for eligible purposes." *United States v. ManPow, LLC*, No. 2:21-CV-05418-VAP-ADSX, 2024 WL 305699, at *11 (C.D. Cal. Jan. 3, 2024), *appeal dismissed sub nom. United States ex rel. Miller v. Manpow, LLC*, No. 24-1401, 2024 WL 5399983 (9th Cir. July 31, 2024) (analyzing the statutory framework of the CARES Act, relevant guidance documents, and attestation language in finding defendants' fungibility of funds argument unpersuasive). Likewise, the PRF program, through which the Health Resources and Services Administration distributed funds to eligible recipients automatically and then required recipients to certify compliance with terms and conditions of the PRF program, is similarly clear: the distributed funds must be used for eligible purposes. The terms and conditions of the PRF program required recipients to certify "[p]ayment would only be used to prevent, prepare for, and respond to the coronavirus, and that the [p]ayment would reimburse the recipient only for health care related expenses or lost revenues that were attributable to the coronavirus." ECF No. 1 ¶ 34.

The complaint is not required to plead beyond *Iqbal* and Rule 9(b). *Cf. Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 9(b). Joseph Rashid and Rashid Pharmacy rely on a single district court opinion from the Eastern District of Michigan to argue the complaint must not only allege Defendants used the proceeds of PPP and PRF payments for ineligible expenses, but also that Defendants never used the same amount of money on eligible expenses during the relevant time period. ECF No. 10-1 at 13; *see United States v. Thrush*, No. 1:20-CR-20365, 2024 WL 3868193, at *6 (E.D. Mich. Aug. 19, 2024). In other words, Defendants could not have committed fraud so long as they spent $430,661 and $407,186.49 on lawful expenditures at some point during the applicable time period because PPP and PRF funds are fungible. The Court does not find Joseph

Rashid and Rashid Pharmacy's fungibility argument persuasive. *Thrush* was a criminal case and the referenced opinion addresses jury instructions. *See Thrush,* 2024 WL 3868193, at *6. Instead, the Court avoids accepting "a rigid, restrictive reading of the [False Claims Act]" and looks to the specific wording of the CARES Act and PRF terms and conditions, which emphasize borrowers using specific loan proceeds for eligible purposes. *Winter ex rel. United States,* 953 F.3d at 1116; *see, e.g.,* 15 U.S.C. §§ 636(a)(36)(F)(i) ("During the covered period, an eligible recipient may . . . use the proceeds of the covered loan for . . . ."), (a)(36)(F)(v) ("[T]he Administrator shall have no recourse against any individual shareholder, member, or partner . . . , except to the extent that such shareholder, member, or partner uses the covered loan proceeds for a purpose not authorized."), (a)(36)(F)(vi) ("None of the proceeds of a covered loan may be used for . . . ."); ECF No. 1 ¶ 34 ("Payment would only be used to prevent, prepare for, and respond to the coronavirus, and that the [p]ayment would reimburse the recipient only for health care related expenses or lost revenues that were attributable to the coronavirus.").

The complaint provides facts related to Joseph Rashid and Rashid Pharmacy's use of PPP and PRF loan proceeds with sufficient specificity to meet the standards of *Iqbal* and Rule 9(b). *Cf. Iqbal,* 556 U.S. at 678; Fed. R. Civ. P. 9(b). The complaint alleges Joseph Rashid and Rashid Pharmacy applied for and received payments under the PPP and PRF programs. ECF No. 1 ¶¶ 59, 96, 109, 116, 122, 126. Then, "the proceeds [of the PPP loan] were deposited into Rashid's personal bank account." *Id.* ¶ 61. "At no point did the loan proceeds go to a business account for either Rashid Pharmacy or Rashid Delivery." *Id.* ¶ 64. "Rashid Pharmacy received a Portal 1 payment of $407,186.49 in PRF funds[] to the business checking account," and "Rashid then transferred $500,000 from his business checking account to his personal checking account in two, $250,000 transfers." *Id.* ¶¶ 65–66. "Rashid then used these [PRF] funds—along with the PPP loan proceeds he previously transferred into this account—to engage in large volume securities

purchases in the calendar year 2020." *Id.* ¶ 68. Further, the complaint alleges "[t]he SBA would not have forgiven Rashid Pharmacy's or Rashid Delivery's PPP loans if it knew that Rashid utilized the loan proceeds exclusively for personal purposes, principally day trading" and "[h]ad the accountant known that Rashid used the PRF payment for high-volume day trading, the accountant would not have submitted the PRF reporting on Rashid's behalf, as day trading is not an approved use for PRF funds." *Id.* ¶¶ 70, 76.

The complaint provides sufficient facts to allege Joseph Rashid and Rashid Pharmacy used PPP and PRF proceeds for ineligible expenses to support the violations of the False Claims Act in Counts 1–10.

### B.     Controlled Substances Act

The Government brings claims against Joseph Rashid and Rashid Pharmacy for violations of the Controlled Substances Act in Counts 11–43. ECF No. 1 ¶¶ 129–32.[2] The Government alleges Joseph Rashid and Rashid Pharmacy are liable for civil penalties for "failing to keep accurate records of [] controlled substances manufactured, received, sold, delivered, or otherwise disposed of." *Id.* ¶ 131. Joseph Rashid and Rashid Pharmacy argue the Controlled Substances Act counts fail because 1) the claims are time-barred, 2) the Act proscribes different conduct than the Government alleges, in part because destruction logs are not required for non-destroyed controlled substances, and 3) the Government fails to identify the destruction logs. ECF No. 10-1 at 7–11. The Court addresses each argument in turn.

The Controlled Substances Act makes it unlawful "to refuse or negligently fail to make,

---

[2] The Government does not reference Canda Rashid or Rashid Delivery or include "a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief" for Canda Rashid and Rashid Delivery in Counts 11–43. Fed. R. Civ. P. 8(a)(2). To the extent the Government endeavors to assert Counts 11–43 against Canda Rashid or Rashid Delivery, the Court finds the Government fails to state a claim upon which relief may be granted. *Cf. id.*

keep, or furnish any record, report, notification, declaration, order or order form, statement, invoice, or information required under [] subchapter [I] or subchapter II." 21 U.S.C. § 842(a)(5). Section 827 of subchapter I specifies "every registrant under this subchapter manufacturing, distributing, or dispensing a controlled substance or substances shall maintain, on a current basis, a complete and accurate record of each such substance manufactured, received, sold, delivered, or otherwise disposed of by him, except that this paragraph shall not require the maintenance of a perpetual inventory." 21 U.S.C. § 827(a)(3).

Joseph Rashid and Rashid Pharmacy argue the Controlled Substances Act counts are time-barred by the four-year limitations period in 28 U.S.C. § 1658(a). ECF No. 10-1 at 7. The Government argues § 2462's five-year limitations period applies to the Controlled Substances Act claims. ECF No. 17 at 19–20. Section 1658(a) reads, in relevant part, "a civil action arising under an Act of Congress *enacted after the date of the enactment of this section* may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a) (emphasis added). Section 1658 was enacted in 1990; the Controlled Substances Act was enacted in 1970. Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5089 (1990); Title II of the Comprehensive Drug Abuse Prevention and Control Act, Pub. L. No. 91-513, 84 Stat. 1236 (1970). Based on the plain language of § 1658, § 1658's limitations period does not apply to claims arising under the Controlled Substances Act because the Controlled Substances Act was enacted prior to the passage of § 1658. Additionally, Joseph Rashid and Rashid Pharmacy's argument at the motion to dismiss hearing that an amendment to the relevant portion of the Controlled Substances Act in 1998 renders the Controlled Substances Act subject to § 1658's four-year limitations period is inapposite. *See* ECF No. 22; *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 382 (2004) (concluding an amendment to a statute enacted prior to 1990 does not fall within § 1658's ambit unless the amendment creates a new cause of action and corresponding liabilities). Because it is

16

not clear from the face of the complaint that the statute of limitations has run on the Controlled Substances Act claims, *cf. Varner*, 371 F.3d at 1016, the statute of limitations does not provide grounds for granting Joseph Rashid and Rashid Pharmacy's motion to dismiss the Controlled Substances Act claims.

Joseph Rashid and Rashid Pharmacy argue the Controlled Substances Act proscribes different conduct than the Government alleges in its complaint and destruction logs are not required for non-destroyed controlled substances. ECF No. 10-1 at 8–10. Joseph Rashid and Rashid Pharmacy argue the Government's claim that the destruction logs contain inaccuracies does not fall within the scope of § 842(a)(5), which merely proscribes a "refus[al] or negligent[] fail[ure]" to keep records. *Id.*; 21 U.S.C. § 842(a)(5). The Government argues § 842(a)(5) must be read in concert with the other provisions of the Controlled Substances Act. ECF No. 17 at 20–21 ("While, true, there is no requirement to create a destruction log for undestroyed controlled substances, once Defendant created a log purportedly to be that of destroyed substances, the [Controlled Substances Act] required that log to be complete and accurate."). The Court agrees. Section 842(a)(5) makes it unlawful to "refuse or negligently fail to make, keep, or furnish any record . . . required under this subchapter." 21 U.S.C. § 842(a)(5). Section 827 requires:

> [E]very registrant under this subchapter manufacturing, distributing, or dispensing a controlled substance or substances [to] maintain, on a current basis, a complete and accurate record of each such substance manufactured, received, sold, delivered, or otherwise disposed of by him . . . .

21 U.S.C. § 827(a)(3). Read together, the provisions of the Controlled Substances Act make it unlawful to refuse or negligently fail to make a complete and accurate record of controlled substances manufactured, received, sold, delivered, or otherwise disposed of. 21 U.S.C. § 827(a)(3); 21 U.S.C. § 842(a)(5). The Government alleges Joseph Rashid and Rashid Pharmacy are liable for violations of the Controlled Substances Act "for failing to keep accurate records of

[] controlled substances manufactured, received, sold, delivered, or otherwise disposed of" based on the inaccuracies contained in the destruction logs. ECF No. 1 ¶ 131. Facts supporting the conduct proscribed by § 842(a)(5), read in concert with § 827(a)(3), are sufficiently pleaded by the Government to state a claim for relief that is adequate on its face. *See* ¶¶ 77–94, 129–33; *cf. Iqbal*, 556 U.S. at 678.

Joseph Rashid and Rashid Pharmacy also challenge the Government's failure to attach the destruction logs to the complaint, submit the logs to the Court, or otherwise identify the destruction logs by date, page number, or other identifying mechanism. ECF No. 10-1 at 10–11. The Government maintains it provided adequate information for Joseph Rashid and Rashid Pharmacy to understand the allegations against them, including by describing "that Defendant Joseph Rashid signed the log, the prescription number of each prescription at issue, the initials of the person to whom the drug was prescribed, and the number of pills found in the search warrant from each prescription." ECF No. 17 at 21; *see* ECF No. 1 ¶¶ 90–94, 131–32. The Government provides adequate information about the facts supporting the Controlled Substances Act claims, including information about the destruction logs, to give Joseph Rashid and Rashid Pharmacy fair notice of the nature of the Controlled Substances Act claims and the grounds underlying the claims. *Cf. Topchian,* 760 F.3d at 848. The adequacy of the destruction logs does not provide grounds to grant Joseph Rashid and Rashid Pharmacy's motion to dismiss.

Because the complaint contains sufficient factual matter as to the Controlled Substances Act claims to state a claim for relief that is plausible on its face, the Court denies Joseph Rashid and Rashid Pharmacy's motion to dismiss the Controlled Substances Act claims in Counts 11–43.

### C.    Common Law Claims

The Government brings claims of payment by mistake (Count 44) and unjust enrichment (Count 45) against all Defendants. ECF No. 1 ¶¶ 133–41. The Government relies on the PPP loan

and PRF payment facts to support its payment by mistake and unjust enrichment claims. *See* ECF No. 1 ¶¶ 59–76, 133–41. Defendants argue 1) the complaint does not plead facts to support the common law claims with specificity, 2) the common law claims are untimely, and 3) an adequate remedy at law exists, which precludes the common law claims. ECF No. 10-1 at 15–20; ECF No. 11-1 at 11–13.

The Government does not specify whether the common law claims are pleaded under the federal common law or state common law standard. *See generally* ECF No. 1. None of the parties provided argument for either standard at the motion hearing and none of the parties suggested the application of one standard over the other would materially affect the outcome of the common law claims. *See* ECF No. 22. Canda Rashid and Rashid Delivery, in their motion to dismiss, cite to federal common law, and the Government, in its resistance, cites to federal common law. ECF No. 11-1 at 5, 12; ECF No. 17 at 22–26. The Court, therefore, analyzes the Government's common law claims under federal common law.

"The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid." *United States v. Wurts*, 303 U.S. 414, 415 (1938); *see United States v. Mead*, 426 F.2d 118, 124 (9th Cir. 1970) (citing *Wurts* for the proposition "[i]f the government made [] payments under an erroneous belief which was material to the decision to pay, it is entitled to recover the payments"). To state a claim for payment by mistake the Government must show, "(1) payments were made (2) under the belief that they were properly owed; (3) that belief being erroneously formed; and (4) the mistaken belief was material to the decision to pay." *United States v. Adams*, 371 F. Supp. 3d 1195, 1217 (N.D. Ga. 2019) (internal quotation marks and citation omitted). To state a claim for unjust enrichment, the Government must show "(1) a benefit was conferred, (2) the recipient was aware that a benefit was received and; (3) under the circumstances, it would be unjust to allow retention of the benefit without

19

requiring the recipient to pay for it." *United States v. R.J. Zavoral & Sons, Inc.*, No. 12-668 (MJD/JJK), 2014 WL 5361991, at *16 (D. Minn. Oct. 21, 2014) (internal quotation marks and citation omitted).

Defendants argue the facts underlying the common law counts do not meet the particularity requirements of Rule 9(b) nor the baseline pleading standard in Rule 8(a). Fed. R. Civ. P. Rule 8(a); Fed. R. Civ. P. Rule 9(b); ECF No. 10-1 at 19–20; ECF No. 11-1 at 11–13. The common law claims are based on the same facts as the False Claims Act claims. ECF No. 1 ¶¶ 133–41. As to Joseph Rashid and Rashid Pharmacy, the Court has already determined the complaint meets Rule 9(b)'s pleading standard as to the False Claims Act claims alleged against Joseph Rashid and Rashid Pharmacy. *See* discussion *supra* Section IV.A.1. Because the Government has adequately pleaded the False Claims Act claims against Joseph Rashid and Rashid Pharmacy, the Court determines the factual bases of the common law claims are also adequately pleaded. *See United States v. Journey to Hope, Health & Healing, Inc.,* 728 F. Supp. 3d 251, 263 (D.R.I. 2024) ("Because the Court finds that the [False Claims Act] fraud claims are sufficiently pleaded, these [mistake and unjust enrichment] claims survive as well. . . . The same facts that support the sufficiency of the Government's [False Claims Act] claims support the sufficiency of these equitable claims. These claims thus survive a motion to dismiss.").

As to Canda Rashid and Rashid Delivery, the Court has already determined the complaint does not meet Rule 9(b)'s pleading standard as to the False Claims Act claims alleged against these Defendants. *See* discussion *supra* Section IV.A.1. The Government argues it is not required to plead payments or benefits flowed directly to Canda Rashid in order to adequately plead the common law claims. ECF No. 17 at 22–23. Instead, "it is sufficient that the defendant [Canda Rashid] received and retained a benefit through an ownership structure, contract, or other arrangement." *Id.* at 23 (citing *United States ex rel. Silva v. VICI Mktg., LLC,* 361 F. Supp. 3d

1245, 1257 (M.D. Fla. 2019), *United States v. Berkeley Heartlab, Inc.*, 225 F. Supp. 3d 487, 503 (D. S.C. 2016), and *United States ex rel. Cairns v. D.S. Med. LLC*, No. 1:12CV00004, 2015 WL 590325, at *6 (E.D. Mo. Feb. 11, 2015)). However, the complaint does not provide facts to suggest Canda Rashid nor Rashid Delivery received or retained benefits from the conduct underlying the False Claims Act violations. *See generally* ECF No. 1. The complaint fails to adequately plead the common law claims against Canda Rashid and Rashid Delivery. Therefore, the Court grants Canda Rashid and Rashid Delivery's motion to dismiss Counts 44 and 45.

Joseph Rashid and Rashid Pharmacy argue the common law claims are time-barred because the claims lie in tort, which is subject to a three-year statute of limitations. ECF No. 10-1 at 15–18; *see* 28 U.S.C. § 2415(b). Defendants argue because the factual allegations underlying the common law claims lie in misrepresentation—a fraud—the tort statute of limitations must apply. ECF No. 10-1 at 15–18. The Government argues the six-year statute of limitations, which governs contract disputes, should apply. ECF No. 17 at 24–25; *see* 28 U.S.C. § 2415(a). Notably, § 2415(a) applies to contracts "express or implied." 28 U.S.C. § 2415(a). Even though the common law claims are based on fraudulent misrepresentations related to PPP and PRF payments, "[t]here is no particular difficulty in viewing, for limitations purposes, an action as founded upon contract merely because proof of the alleged quasi-contract requires proof of a tort." *United States v. P/B STCO 213, ON 527 979*, 756 F.2d 364, 375 (5th Cir. 1985) (stating further, "[q]uasi-contract, after all, typically requires *unjust* enrichment, and the unjustness often has depended upon proof of what might be a tort." (emphasis in original)). The Government may choose the six-year statute of limitations period in unjust enrichment and payment by mistake cases when it chooses quasi-contract as the basis of its claim and, therefore, declines the prospect of recovering punitive damages or damages other than restitution. *United States v. First Nat'l Bank of Cicero*, 957 F.2d 1362, 1370–72 (7th Cir. 1992); *see also Fed. Deposit Ins. Corp. v. Bank One, Waukesha*,

881 F.2d 390, 393 (7th Cir. 1989). The Government does just that here. *See* ECF No. 1 ¶¶ 138, 141 (requesting damages in the amount of the PPP and PRF fund disbursements). Because the six-year statute of limitations applies to the common law claims, and the complaint was filed within six years of the alleged conduct, the statute of limitations does not provide grounds to grant Joseph Rashid and Rashid Pharmacy's motion to dismiss the common law claims.

Finally, Joseph Rashid and Rashid Pharmacy argue the common law claims must be dismissed because the Government has an adequate remedy at law—namely, the False Claims Act. ECF No. 10-1 at 18–19. "At common law, the Government has 'broad power to recover monies wrongly paid from the Treasury.'" *Journey to Hope, Health & Healing, Inc.,* 728 F. Supp. 3d at 263 (quoting *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 15 (1st Cir. 2005)). The Court does not require the Government to choose a theory of recovery at the motion to dismiss stage. *See* Fed. R. Civ. P. 8(a)(3). Instead, common law claims may properly be pleaded in the alternative to False Claims Act claims. *See United States v. Applied Pharmacy Consultants, Inc.,* 182 F.3d 603, 605 (8th Cir. 1999); *see also United States ex rel. Lisitza v. Johnson & Johnson,* 765 F. Supp. 2d 112, 130 (D. Mass. 2011) ("Because [unjust enrichment] is a theory of recovery and not an independent cause of action it is often pled (as it is here) in the alternative to a claim for damages at law [referring to the False Claims Act]."); *U.S. ex rel. Purcell v. MWI Corp.,* 254 F. Supp. 2d 69, 79 (D.D.C. 2003) ("[A]t at the motion-to-dismiss stage, courts in this district and elsewhere have permitted the government to proceed with claims alleging [False Claims Act] violations as well as claims for unjust enrichment or payment by mistake."). The Government may plead common law claims in the alternative to False Claims Act claims; the presence of both common law claims and False Claims Act claims in the complaint does not provide grounds to grant Joseph Rashid and Rashid Pharmacy's motion to dismiss.

The Court grants Canda Rashid and Rashid Delivery's motion to dismiss Counts 44 and

45, and denies Joseph Rashid and Rashid Pharmacy's motion to dismiss Counts 44 and 45.

**D.    Government's Motion to Amend**

The Government seeks leave to amend its complaint. ECF No. 17 at 26–27. The request is denied.

The Government has improperly combined its motion to amend with its resistance to Defendants' motions to dismiss. *See* LR 7(e) ("A resistance to a motion may not include a separate motion or a cross-motion by the responding party. Any separate motion or cross-motion must be filed separately as a new motion."). The Government also fails to include a representation that counsel has conferred in good faith with counsel for the opposing parties concerning the motion. *See* LR 7(k) ("All nondispositive motions [including motions to amend] must contain a representation that counsel for the moving party personally has conferred in good faith with counsel for all other parties . . . concerning the motion, and a statement of whether or not the other parties consent to the motion."). Further, the Government has not provided specific information describing the changes sought with its proposed amendment, stating only it seeks to amend in order "to cure any deficiency identified." ECF No. 17 at 26; *see* LR 15 ("A party moving to amend or supplement a pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) [ ] must describe in the motion the changes sought.").

The Government has not complied with the local rules in moving for leave to amend its complaint. Without specific information about the changes sought by the proposed amendments, the Court cannot rule on their adequacy. Accordingly, the Government's motion for leave to amend its complaint is denied.

**V.    CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendants Joseph Rashid and Rashid Pharmacy, P.L.C.'s

Motion to Dismiss, ECF No. 10, is **GRANTED in part** and **DENIED in part**, as set forth above.

IT IS FURTHER ORDERED that Defendants Canda Rashid and Rashid Delivery, LLC's Motion to Dismiss, ECF No. 11, is **GRANTED.**

IT IS SO ORDERED.

Dated this 25th day of March, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE